**Louis MASON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 18, 1962.

Joseph S. Freeland, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, Louis Mason, was convicted of storehouse breaking, KRS 433.-190, and sentenced to one year in prison. He neither testified nor offered any other evidence in defense, but stood on a motion for a peremptory at the close of the state's case. The only question is whether the evidence was sufficient to support a conviction. We think that it barely was.

The office of Commercial Credit Corporation at Paducah was forcibly entered during the night. When the employees arrived for work the next morning they found it in a state of disarray and several items of property missing. Among other things, a soft drink vending machine, or "drink box," had been moved out several feet from the corner of the room where it had been standing and had been damaged by some blunt instrument in an apparent attempt to break it open. Appellant's right thumb print was discovered on one side of this box, a few inches back from a rip in the

metal molding on the front corner, and his left index print was found on the back, some 12 or 14 inches from the corner. These prints were on the two sides of the machine that had been against the wall as it stood in the corner.

There was no other evidence to connect appellant with the crime. The drink box did not belong to Commercial Credit Company, but was the property of the soft drink company, and had been in the offices of the Commercial Credit Company for about 12 weeks immediately prior to the break-in. There was no evidence as to where it had been before that time, nor any testimony relating to the length of time the prints could have been on the box. There was no showing that it did or did not bear the fingerprints of other persons. No prints of the appellant's fingers were discovered in any of the other places (including the broken rest room window, whence the illegal access was gained) checked by the police identification expert at the scene.

Appellant cites the familiar rule that if the evidence is equally consistent with innocence and guilt it cannot convict. Had there been any evidence of his prior access to the drink box under innocent circumstances, this principle would certainly have applied. Standing alone, however, the prints on the jimmied machine point the finger of guilt at the appellant. The remote possibility that as one member of the public at large he might have had his hands on the side and back of the machine at some other time and place three months or more prior to the date of the crime does not, in our opinion, offset or equally balance the inference of guilt arising from the presence of his prints on the box immediately after it had been handled by the burglar.

It has been stated as the general rule that fingerprints alone will support a conviction only if they are found in the place where the crime was committed "under such circumstances that they *could only*

*have been impressed at the time when the crime was committed."* (Emphasis added.) Annotation, "Fingerprints, palm prints, or bare foot prints as evidence," 28 A.L.R.2d 1115, 1154. See also 16 A.L.R. 370, 371. To accept this choice of words would, it seems to us, refute the oft-repeated rule in this state that "if there is any evidence, however slight or circumstantial, which tends to show guilt of the crime charged or any of its degrees, it is the trial court's duty to submit the case to the jury." Harlan v. Com., 1934, 253 Ky. 1, 68 S.W.2d 443, 447.

It is our conclusion that the unexplained presence of appellant's fingerprints on the machine immediately after it had been handled by the guilty party tended to identify him as that party. However weak the inference may have been, it was stronger than the speculative possibility that the prints were impressed innocently, and was sufficient to sustain the verdict.

Judgment affirmed.