John Cliff **PINION**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25519.

United States Court of Appeals
Fifth Circuit.

June 25, 1968.

Rehearing Denied July 26, 1968.

servation on the day before and that defendant fled prior to arrest was insufficient to support conviction for posses-

James A. Glenn, Jr., Gainesville, Ga., for appellant.

Robert L. Smith, Asst. U. S. Atty., Charles B. Lewis, Jr., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

GRIFFIN B. BELL, Circuit Judge:

Appellant was convicted on a three count indictment charging, respectively,

possession of a still, carrying on the business of a distiller without bond, and possession of whiskey on which no taxes had been paid in violation of 26 U.S.C.A. §§ 5601(a) (1), 5601(a) (4), 5205, 5604. He received concurrent sentences of nine months on the first two counts. He was placed on probation on the whiskey possession count for one year following the nine month sentences.

■ We must consider the case in the posture of the evidence most favorable to the government. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. The still had been under observation for two short periods of time prior to the raid. There was a well-worn footpath between appellant's home and the distillery. Two persons were arrested when the still was raided —appellant's fifteen year old son and seventeen year old nephew. The agents waited to see if anyone else would approach the still and about two hours later appellant came down the path toward the still. When he was some twenty-five or thirty yards from the still he turned and fled. At this time appellant was accompanied by a small dog. This was the same dog that had been seen at the still with an unidentified man while it was under observation on the day before. An empty yeast can was found at the still and it bore one of appellant's fingerprints. Appellant's defense was that he was out looking for his son, that the agents stopped him two hundred and fifty yards from the still. He denied any connection with the still. The nephew testified that the still was owned by the nephew and a fourth party.

Appellant's motion for a directed verdict of acquittal was denied. The questions presented are two: Did the District Court err in admitting in evidence the fingerprint found on a yeast can at the still; and did the District Court err in refusing to direct a verdict of acquittal on all three counts on the basis of insufficiency of evidence. We find that the fingerprint evidence was properly admitted. We reverse as to the posses-

sion counts and affirm on the count charging appellant with carrying on the business of a distiller without bond.

■ Appellant objected to the admission of testimony that his print was taken from a yeast can found at the distillery. Apparently the basis of the objection was that it had not been proven that the fingerprint was put on the can while the can was at the distillery. While it may be argued that the fingerprint was placed on the can at another place, such an argument goes to weight of the evidence and not to admissibility. This evidence was admissible.

■ The evidence, although taken in the light most favorable to the government, was insufficient to support the still possession count. The most that can be inferred from the government's proof of the fact of the path, that appellant came down the path, that he was accompanied by the dog, and the fingerprint on the yeast can, is presence. The government also showed flight. More than mere presence and flight are necessary to sustain a charge of possession of an illegal distillery. The charge of possession has a much narrower statutory coverage than the prohibition against carrying on the business of a distiller without a bond. The possession charge requires proof of control or of activities related to custody of the still. United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210; Bozza v. United States, 1947, 330 U.S. 160, 67 S. Ct. 645, 91 L.Ed. 818; Gilliland v. United States, 5 Cir., 1967, 385 F.2d 912. Cf. Hill v. United States, 5 Cir., 1968, 395 F.2d 694, where we affirmed a conviction, *inter alia*, of possessing an unregistered distillery. There, in addition to presence and flight, appellant had removed his jacket and placed it by the still vat and had been seen moving about the still yard.

■ The government's proof of presence and flight does, however, suffice on the conviction of carrying on the business of a distiller without bond. It has been held that unexplained presence plus

the statutory presumption of 26 U.S.C. A. § 5601(b) (2),[1] will support a conviction on such a charge. United States v. Gainey, 1965, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658.

 As to the charge of possessing illegal whiskey, the evidence shows that four gallons of such whiskey were found at the intersection of the still path and a road which looped around appellant's house. The only evidence to link appellant with this whiskey was the fact of the path and his nearby residence. There was not even evidence that it was found on his property. This proof was insufficient and the conviction on this count must be reversed.

Affirmed in part; reversed in part.

---

1. 26 U.S.C.A. § 5601(b) (2):
    "Failure or refusal of distiller or rectifier to give bond.—Whenever on trial for violation of subsection (a)(4) [carrying on the business of a distiller without having given bond] the defendant is shown to have been at the site of place where, and at the time when, the business of a distiller or rectifier was so engaged in or carried on, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury)."