**UNITED STATES of America,**
**Appellee,**

v.

**Floyd (NMN) BRYANT, Appellant.**

**No. 71–1640.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 9, 1971.

Decided Feb. 1, 1972.

Ronald Harris Marks, Norfolk, Va. (Court-appointed counsel) [White, Katherman, Daniels & Marks, Norfolk, Va., on the brief], for appellant.

John A. Field, III, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on the brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

BOREMAN, Senior Circuit Judge:

Appealing his conviction of larceny of property having a value in excess of $100 in violation of 18 U.S.C. § 661 and his sentence to a term of four years, Floyd Bryant contends that the evidence was insufficient to support the jury's verdict of guilty of larceny and, more specifically, insufficient to support a finding that the value of the stolen property exceeded $100.[1]

### I

On August 5, 1970, at approximately noon, a certain sum of money belonging to the Coca-Cola Bottling Company of Norfolk, Virginia, was stolen from the "lock box" of the firm's delivery Truck #21 which was being operated that day by driver-salesman John Carpenter. The truck was unattended at the time of the theft and was parked at or near Barracks M on the Naval Operations Base, Norfolk, Virginia.

Truck #21 had also been robbed on June 22, 1970, while unattended and parked in front of the WAVES barracks on the Naval Operations Base. The same John Carpenter was the operator of the truck on that date and he discovered that the lock on its "lock box" had been smashed open. On June 22, after the theft, the area around the "lock box" had been thoroughly, though unsuccessfully, searched for identifiable fingerprints.

Within a short time after the August 5 robbery, a fingerprint of the appellant was found on a "metal island" directly adjacent to the "lock box" on Truck #21. Both the "lock box" and the "metal island" were accessible only when a heavy metal cover was raised. The thief gained entry on August 5 to the "lock box" itself by cutting off the lock. Only the money collected by Carpenter during the morning of August 5 was in the "lock box" since it is emptied after each day's operations.

Bryant was charged in a two-count indictment with the thefts from Truck #21 on June 22, 1970, and on August 5, 1970. On the morning of the trial the United States moved to dismiss the first count of the indictment which charged appellant with the June 22 robbery. This motion was granted.

At trial, Bryant's fingerprint which had been found on the "metal island"

---

1. Title 18 U.S.C. § 661 provides that:

Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

If the property taken is *of a value exceeding $100*, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; *in all other cases*, by a fine of not more than $1,000 or imprisonment not more than one year, or both. (Emphasis added.)

was the only evidence introduced against him. An agent of the Naval Station Police did, however, testify that no fingerprint of Bryant's had been discovered during a check of Truck #21 on June 22 following the first theft.

Mr. Carpenter testified as to the sum of money taken from Truck #21 on August 5. In order to establish that amount the Government; on direct examination, interrogated Carpenter as to the number of Coca-Cola dispensing machines from which he had collected money during the morning of August 5. He replied: "I don't—I don't recall, but it wasn't—it wasn't too many." Carpenter was then asked how much money had been taken and he answered: "I would say approximately $200."

Carpenter stated *correctly* on direct examination that the June 22 theft had occurred in front of the WAVES barracks and that the lock on the "lock box" had been smashed open on that day. On cross-examination Carpenter, in response to unambiguous questions of defense counsel, stated *incorrectly* that the lock on the "lock box" had been smashed open on August 5 and that the theft on that date was effected in front of the WAVES barracks. Additionally, he attempted to clarify his earlier testimony with regard to *how* he ascertained that approximately $200 had been stolen:

A. I had the amount from all the cases which I had sold.[2]

Q. And what is that amount?

A. I don't know, because *I don't recall how many cases* I sold.

(Emphasis added.)

Carpenter was then asked whether the sum of money stolen from Truck #21 could have been less than $100. He responded:

A. I don't think so, from the amount of cases I had sold.

When asked whether he *then* knew that the amount of money taken was not un-

der $100, Carpenter replied: "*No*, I'd have to go back and look at my sales to see." The following colloquy between Bryant's counsel and Carpenter then ensued:

Q. Is it fair to assume sir, you don't know how much money was in there ["lock box"] on August 5th?

A. Not right at the present, but I did then. I did at that time.

Q. And how much was there, sir?

A. I don't know *now*. If you'd asked me August the 5th, I could have told you.

(Emphasis added.)

Obviously sensing the insufficiency of the proof as to the amount involved in the theft, the Government made a valiant effort to bolster its case by further interrogation of Carpenter but could do no more than elicit the equivocal and inconclusive statement: "I would still stick with around $200, *possibly*." (Emphasis added.)

## II

We first consider whether appellant's fingerprint discovered near the "lock box" was sufficient to support the conviction of the crime of larceny. Bryant's reliance on United States v. Corso, 439 F.2d 956 (4 Cir. 1971), is misplaced since that case is factually distinguishable from the one at bar. In *Corso, supra,* defendant's fingerprints were found on a matchbook cover, an object easily and routinely passed from person to person. This court held that a fingerprint on such a readily movable object is of highly questionable probative value, unless it can be shown that the print could have been impressed only during the commission of the crime involved. In the instant case, however, Bryant's fingerprint was discovered on a shielded "metal island" accessible *only* by lifting a heavy metal sign. Further,

2. When Carpenter placed ("sold") a certain number of cases in a particular Coca-Cola dispensing machine on August 5 he removed a corresponding amount of change in payment therefor from the coin box of that machine.

it was established that his fingerprints were not found on or near the same "lock box" on June 22. This evidence, in light of the inaccessibility of the "metal island" and the "lock box," clearly indicates appellant's involvement in the August 5 robbery.

■■ The factual issue of Bryant's guilt was submitted to the jury and was resolved against him. On appeal, therefore, the evidence must be viewed in the light most favorable to the Government. United States v. Horning, 409 F.2d 424 (4 Cir. 1969). Applying this standard, we find the evidence ample to support a finding that appellant's fingerprint was impressed during the theft with which he was charged.

### III

■■ In a prosecution for larceny of property exceeding $100 in value the Government has the burden of proving that the stolen goods had the requisite value. United States v. Wilson, 284 F. 2d 407 (4 Cir. 1960). The proof must be sufficient to enable the jury to find beyond a reasonable doubt this essential element of the felony charge. United States v. Horning, 409 F.2d 424, 426 (4 Cir. 1969).

■ The Government did not proffer what must have been readily available documentary evidence but instead relied solely upon the testimony of Carpenter to sustain its burden. Carpenter's statements as to the amount taken from Truck #21 on August 5 were equivocal at best. Briefly summarizing, on cross-examination Carpenter declared that he based his prior testimonial estimate of the sum of money taken on August 5 on the number of cases of Coca-Cola he sold on the morning of that day; he followed this statement by adding that he could not remember that number. Further, on cross-examination he stated that he did not *then* recall the amount of money stolen but that on August 5 he had possessed this knowledge. Even upon redirect examination Carpenter was uncertain as he stated that the amount taken was *possibly* $200. We hold that his testimony was not sufficient to enable the jury to find beyond a reasonable doubt that property in excess of $100 in value had been stolen.

■ The Government's failure to prove that the stolen property was of the requisite value, an essential element of the felony charged, does not necessitate reversal and a new trial; even without regard to value a defendant may be convicted of the lesser included offense under 18 U.S.C. § 661. *Cf.* United States v. Horning, *supra*; United States v. Wilson, *supra*. The evidence adduced against Bryant is sufficient to sustain a conviction under 18 U.S.C. § 661 for theft of property having a value not exceeding $100. Such an offense is punishable under that statute by a fine of not more than $1,000 or imprisonment for not more than one year. The offense is, therefore, a misdemeanor and not a felony. 18 U.S.C. § 1.

We affirm appellant's conviction for a misdemeanor only, and remand with the direction that the judgment of conviction for a felony be set aside and that he be resentenced within the limits of the applicable provisions of the statute, or that he be forthwith released if it is found that he has already served the maximum penalty upon a misdemeanor conviction.

Remanded for further proceedings consistent with this opinion.