**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Cornelius HAMMONS, Defendant-Appellant.**

No. 77–5262.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1978.

Rehearing and Rehearing En Banc Denied March 8, 1978.

Gregory Hughes, Mobile Ala., for defendant-appellant.

W. A. Kimbrough, Jr., U. S. Atty., J. B. Sessions, III, Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Defendant John Hammons appeals his conviction under 18 U.S.C.A. § 922(h) for illegal receipt of a firearm by a convicted felon.[1] At trial, he admitted receiving the firearm, but alleged that he had acted only to protect the safety of another. The trial court, over defendant's objection, instructed the jury to disregard defendant's alleged reasons for receiving the firearm. On this appeal defendant contends that § 922(h) does not impose on convicted felons absolute liability for receiving firearms but that the jury should have been allowed to consider the circumstances surrounding his receipt of the gun. We need not decide whether § 922(h) renders criminal the receipt of a firearm by a convicted felon in every emergency or allegedly innocent circumstance. We hold only that under the facts of this case the trial court's jury instruction did not constitute reversible error.

We must view this case under defendant's version of the facts, for "defendant [was] entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Young*, 464 F.2d 160, 164 (5th Cir. 1972), *quoting Tatum v. United States*, 88 U.S.App.D.C. 386, 391, 190 F.2d 612, 617 (1950).

In August 1973 defendant was convicted of interstate transportation of a stolen motor vehicle and sentenced to three concurrent terms of three years imprisonment.[2] On June 10, 1976, defendant, while on probation under this conviction, was with Connie Floyd and Melvin Lee at "Ye Old Spot," a nightclub in Pritchard, Alabama. At approximately 3:00 a. m., Hudson Bridges, a friend of defendant, entered the club, looking for his girlfriend Pat Townley. When Townley refused to leave the club, Bridges retrieved a pistol from his car, returned to the club, and forcefully escorted Townley outside. Defendant, aware of Bridges' reputation for violence, followed the couple outside "to keep [Bridges] from hurting [Townley]."

Defendant persuaded Bridges to hand over the gun and reentered the club with the gun still in his possession. When two police officers entered the club approxi-

---

1. It shall be unlawful for any person—
   (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   (2) who is a fugitive from justice;
   (3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or

   (4) who has been adjudicated as a mental defective or who has been committed to any mental institution;
   to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
   18 U.S.C.A. § 922(h).

2. 18 U.S.C.A. § 2312 provides:
   Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

mately 10 minutes later, defendant attempted to give the gun to a waitress with whom he had been talking. During the exchange, however, the gun went off, shooting defendant in the buttocks.

Five months later defendant was charged with violating 18 U.S.C.A. § 922(h)(1), which makes it unlawful for a convicted felon "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." At the close of the trial, defendant requested several jury instructions which, in essence, charged (1) that the jury could consider the circumstances surrounding defendant's receipt of the gun and (2) that if defendant had gained temporary control of the gun under a reasonable fear for the life and safety of another, the jury should vote for acquittal. The trial judge denied the requested instructions and charged the jury as follows:

> [To] receive a firearm, as that term is used, means to take possession of or to knowingly accept the same. The reason for receiving the firearm is not part of the equation and you are not to burden yourselves in trying to determine why the firearm was received, if in fact it was.

Defendant's objection to this instruction was overruled, and the jury retired. After a period of deliberation, the jury sent the judge a note inquiring: "In arriving at the decision, should we (1) consider the circumstances as to how he acquired the gun, or (2) strictly by the law?" Over defendant's objection, the court replied, "Strictly by the law." After further deliberation, the jury indicated that it was unable to reach a verdict and requested that the law be read again. The court read its charge relative to the statute and again instructed the jury that they were not to burden themselves in trying to determine why the firearm was received. The jury returned a verdict of guilty, and defendant was sentenced to two and one-half years imprisonment.

Defendant does not contend that the Government must prove, as an element of the offense under § 922(h), that defendant received the gun without legal excuse.[3] Rather, he argues that the trial court erred in refusing to allow the jury to consider, as a defense, the circumstances attending defendant's receipt of the weapon. Defendant urges that Congress could not have intended criminally to punish a felon who receives a firearm under emergency conditions not of his own making. The Government maintains that the absolute language of § 922(h) admits of no exceptions: a convicted felon violates the law when he receives a firearm, regardless of how innocent or exigent the circumstances.

Section 922(h) prohibits, in absolute terms, the receipt of a firearm by a convicted felon. Section 925 details the limited exceptions to liability under § 922(h). As the Supreme Court has noted, Congress "sought broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous. These persons are comprehensively barred by the Act from acquiring firearms by any means." *Barrett v. United States*, 423 U.S. 212, 218, 96 S.Ct. 498, 502, 46 L.Ed.2d 450 (1976). The question presented by defendant's contentions, therefore, is whether a defense of emergency or exigent circumstance is to be judicially read into the otherwise unambiguous terms of the statute. We need not here decide whether some set of facts may sometime be held to present such a defense, although to date no court has constructed such a defense. We only hold that the facts of this case do not demonstrate a legal defense to the charge.

■ Defendant admits that he purposefully approached Bridges and took posses-

---

**3.** This argument as to a similar statute was rejected in *United States v. Parker*, 566 F.2d 1304 (5th Cir. 1978) [No. 77-5384, Feb. 6, 1978], which was orally argued at the same time as this case. Defendant Parker was convicted under 26 U.S.C.A. § 5861(d) for possession of an unregistered sawed-off shotgun. At trial Parker contended that his possession was justified by exigent circumstances. On appeal Parker argued, in effect, that in order to prove "knowing" possession, the Government must prove that defendant's possession was not justified by some innocent reason. We held that the Government need only show that defendant willfully and consciously possessed what he knew to be a firearm.

**1304**

sion of the gun. Moreover, defendant retained possession of the firearm for approximately 10 minutes after reentering the bar, an act which is itself an apparent violation of federal gun control legislation. *See* 18 U.S.C.A.App. § 1202(a). Finally, not until police officers entered the club did defendant attempt to rid himself of the gun, and then he apparently tried to conceal the transfer from the officers. Defendant's continued possession of the gun after the alleged emergency conditions had vanished and the surreptitious manner in which he attempted to transfer it were hardly consistent with his theory of justified or innocent receipt of the firearm. On the whole, the record in this case does not support defendant's contention that the trial court erred in instructing the jury as it did. We express no opinion on whether a different set of facts might support the judicial creation of such a defense to § 922(h).

AFFIRMED.