UNITED STATES of America, Appellee,

v.

Buster Howard TURNMIRE, a/k/a
Buster Howard Bare, Appellant.

No. 77–1958.

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1978.

Decided March 28, 1978.

John T. Kilby, Jefferson, N.C., for appellant.

V. Edward Jennings, Jr., Asst. U. S. Atty., Greensboro, N.C. (H. M. Michaux, Jr., U. S. Atty., Greensboro, N.C., on brief), for appellee.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

K. K. HALL, Circuit Judge.

The defendant, Buster Howard Turnmire, appeals from a conviction rendered in a jury trial following an indictment charging him with a violation of 18 U.S.C. §§ 922(h) and 924(a). Both of his contentions on appeal center on the manner in which the trial court viewed the term "receive" in 18 U.S.C. § 922(h) and then the manner in which the trial court defined that term for consideration by the jury. We affirm.

Turnmire's wife was given a rifle in exchange for a debt owed to her from the sale of an automobile. Turnmire himself was aware of the transaction but because of his prior conviction, he kept hands off and the rifle was placed back of the rear seat of Mrs. Turnmire's car. It remained there until February 15, 1977, when Turnmire went in his wife's car to a nearby gasoline station to settle a quarrel between himself and one Patrick. When Turnmire arrived at the station, Patrick shot at Turnmire who then secured the rifle from the rear seat of his wife's car and returned the fire, wounding his assailant. That the defendant possessed the weapon, albeit shortly, for his own use is undisputed.

Turnmire argues that based upon these facts, (1) the trial court improperly charged the jury concerning the term "receipt" when it told them that:

. . . . since one cannot possess something without having received it, [then] receipt of a firearm may be shown circumstantially by proving possession. A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it.

and (2) the trial court erred in failing to direct a verdict of acquittal for him because the evidence was insufficient to establish that he "received" a firearm within the meaning of 18 U.S.C. § 922(h). We disagree with both of appellant's contentions.

■ First. We believe the term "receive" was correctly defined for the jury's consideration. In *United States v. Hammons*, 566 F.2d 1301 (5th Cir. 1978), a previously convicted felon argued that his possession of a firearm occurred because of his attempt to protect another. There, as here, the possession of the firearm was uncontroverted. The Eighth Circuit refused to engraft a self-defense exception on to 18 U.S.C. § 922(h) on the facts of that particular case, and approved the following instruction concerning receipt of a firearm:

[To] receive a firearm, as that term is used, means to take possession of or to knowingly accept the same.

566 F.2d 1301, 1303. A similar definitional approach to the term "receive" was approved in *United States v. Craven*, 478 F.2d 1329, 1336-7 (6th Cir. 1973), *cert. denied*, 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85 (1973). Accordingly, we hold that the instruction as given by the district court did not erroneously define the term "receive" for the consideration of the jury nor did it impermissibly create a conclusive presumption that Turnmire had "received" a weapon in violation of 18 U.S.C. § 922(h). While the definitional approach to "receipt" embraced by the *Hammons* court seems to us to be preferable for future cases, the instruction, as given, when viewed in the context of the charge as a whole, was not error.

■ Second. Given the proper instructions to the jury, the evidence in this case, when construed most favorably to the government, is such that the jury might

have found Turnmire guilty beyond a reasonable doubt. *United States v. Van Fossen*, 460 F.2d 38 (4th Cir. 1972). Accordingly, there was no error in the district court's refusal to grant Turnmire's motions for judgment of acquittal on the grounds that the evidence was insufficient to establish that Turnmire received a firearm within the meaning of 18 U.S.C. § 922(h).

The judgment is

*AFFIRMED.*