904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray GOODINE, Defendant-Appellant.
 No. 88-5154.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 4, 1990.
Decided: May 29, 1990.
 
 Appeal from the United States District Court for the Middle District of N.C., at Winston-Salem.
 Richard C. Erwin, Chief District Judge. (CR No. 88-75-WS).
 David Bruce Freedman, White & Crumpler, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David Bernard Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Ray Goodine was convicted of one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion the appeal was without merit. However, two issues were raised in the brief for the Court's consideration.
 
 
 2
 The first issue on appeal is whether the district court erred in denying Goodine's motion for acquittal at the close of the government's case pursuant to Fed.R.Crim.P. 29. In support of that allegation, he alleged that the court erred in admitting evidence that Goodine's fingerprint was on the demand note, and a handwriting expert's testimony that Goodine wrote the note, because there was no evidence that Goodine touched or wrote the note on the day of the crime. See Borum v. United States, 380 F.2d 595 (D.C.Cir.1967); United States v. Van Fossen, 460 F.2d 38 (4th Cir.1972). However, there was testimony that the robber touched the note during the crime, and there was evidence to support the inference that Goodine was the robber,* so the district court did not err in admitting the fingerprint and handwriting evidence, or in denying the motion for acquittal.
 
 
 3
 Goodine also alleged in challenging the denial of his motion for acquittal that the district court should have refused to admit testimony of a police officer who was acquainted with Goodine and who identified Goodine as the robber in the bank photographs. Goodine argued that under Fed.R.Evid. 701, the police officer usurped the function of the jury with his testimony. However, because the officer was more likely to be able to correctly identify Goodine from the photograph than was the jury, the officer's testimony was properly admitted. United States v. Farnsworth, 729 F.2d 1158, 1160 (8th Cir.1984).
 
 
 4
 Finally, Goodine argued that the district court should have given the jury an instruction on misidentification as suggested by this Court in United States v. Holley, 502 F.2d 273 (4th Cir.1974). However, in this case, unlike Holley, there was no identification of Goodine by the teller who was robbed or by anyone else at the bank during the robbery. Further, there was ample evidence to tie Goodine with the robbery, distinguishing this case from Holley, where the identification was the only evidence linking the defendant to the crime. Therefore, the district court did not err in failing to give an instruction on misidentification.
 
 
 5
 In accordance with Anders, we have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for appeal and accordingly affirm the judgment below.
 
 
 6
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 There was evidence that Goodine's car was used in the robbery, and Goodine was seen sortly before the crime in his car wearing clothing that matched the description of the robber's clothing. There were also photographs of the robber during the crime taken from the bank's video camera, and the jury had an opportunity to view the photographs