41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold AUSTIN, Defendant-Appellant.
 No. 94-10144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1994.*
Decided Nov. 18, 1994.
 
 Before: LAY,** PREGERSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant Harold Austin contends that the district court abused its discretion in refusing to give the jury a self-defense instruction. We reject Austin's contention.[1]
 
 
 3
 * To merit a justification defense to a charge of violating the felon in possession statute, 18 U.S.C. Sec. 922(g)(1), Austin must demonstrate that:
 
 
 4
 (1) he was under unlawful and present threat of death or serious bodily injury;
 
 
 5
 (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;
 
 
 6
 (3) he had no reasonable legal alternative; and
 
 
 7
 (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.
 
 
 8
 United States v. Lemon, 824 F.2d 763, 765 (9th Cir.1987). Austin is entitled to have the district court present instructions on self-defense if there is " 'any foundation in the evidence [for such a defense], even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.' " Id. at 764 (quoting United States v. Hammons, 566 F.2d 1301, 1302 (5th Cir.1982)).
 
 
 9
 Even under Austin's version of the facts, however, this court can discern no evidentiary foundation to warrant instructions to the jury on self-defense. Austin was not under a "present" threat of death or serious bodily injury when he took possession of the firearm; as Austin stated in his own testimony, his alleged attacker had "turned the corner and was gone" before Austin picked up the weapon. Moreover, Austin, by going to San Francisco's Tenderloin district at 2:00 a.m. to purchase heroin, clearly placed himself in a situation that would likely necessitate a resort to criminal conduct. As the district court noted, "although the precise consequences of [Austin's] criminal activity ... may not have been what he bargained for ... it is clear that, at a minimum, he recklessly placed himself in that position where he would be forced to engage in criminal conduct." [RT at 461]
 
 
 10
 Austin's claim must also fail because Austin had available "reasonable legal alternatives" to avoid possessing the firearm. As the court in Lemon explained, to establish that he had no alternative to possessing a firearm, a defendant must show " 'that he actually tried the alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefits of the alternatives.' " Id. at 765 (quoting United States v. Harper, 802 F.2d 115, 118 (5th Cir.1986)). Austin fails to make such a showing. Austin, who admitted to knowing that a police station was located around the corner from the scene of the alleged altercation, could have turned the weapon directly over to police. Instead, as Austin admitted in his own testimony, he placed the gun in his car and then proceeded to drive around in search of his friend. See United States v. Bailey, 444 U.S. 394, 410 (1980) ("[O]ne principle of these justification defenses remains constant: if there was a reasonable legal alternative to violating the law, ... the defense will fail.").
 
 
 11
 No factual foundation for a showing of self-defense was made in this case. Thus, we find that the district court did not abuse its discretion in failing to give the requested jury instructions on self-defense.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 As noted by the government, there is some dispute within this circuit regarding the appropriate standard of review of a district court's denial of a defendant's proposed jury instruction. See, e.g., United States v. Dinkane, 17 F.3d 1192, 1200 (9th Cir.1994) (noting conflict). We adopt the resolution proposed in United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992): "If the parties dispute whether the required factual foundation exists [for a theory of defense], the court should apply an abuse of discretion standard of review. [I]f the ultimate issue is whether other instructions, in their entirety, adequately cover the defense theory ... [such a question] is a question of law and ... should be reviewed de novo." As this is a question of factual foundation, we review for an abuse of discretion