**UNITED STATES of America,
Appellee,**

v.

**Otis Edward CHAPPELL, Jr., Appellant.**

**No. 9953.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1965.

Decided Nov. 4, 1965.

Lester V. Chalmers, Jr., Raleigh, N. C.,
for appellant.

John R. Hooten, Asst. U. S. Atty.
(Robert H. Cowen, U. S. Atty., on brief),
for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and MARTIN, District Judge.

BOREMAN, Circuit Judge:

Otis Edward Chappell, Jr., was convicted by a jury of violating 18 U.S.C. § 495 by forging an endorsement upon a United States Treasury check and uttering and publishing the forged check as true. Judgment was entered on the verdict and Chappell was sentenced to a term of imprisonment. On appeal he contends that the evidence was insufficient to take the case to the jury and assigns as error the District Judge's denial of his motion for a directed verdict of acquittal. We think the conviction must be affirmed.

One Annie B. Johnson testified that on the third day of each month she normally received a Government social security check payable to her in the amount of $65.00, but that she did not receive such a check on the third day of February, 1964; that Lois Clifton and Louise Phelps resided in an apartment in her home and they received their mail in a basket placed at the entrance to the building; that the postman sometimes placed her mail in the basket although she provided her own separate mail box; that the postman usually made delivery around 12:30 or 1:00 p. m., but she did not look in the basket for her mail until later in the day on February 3, 1964; and that she had seen Chappell in the apartment of Lois Clifton and Louise Phelps around 3:00 or 3:30 p. m. on that day.

Lois Clifton testified that on February 3, 1964, at about 12:30 or 1:00 p. m., she saw an envelope in the basket which very evidently contained a Treasury check since the envelope was of the same type in which such checks are normally delivered and that Chappell arrived at her apartment around 2:00 or 2:30 p. m. She later saw him looking through the mail in the basket and commented about this to Louise Phelps. She further testified that later that afternoon Chappell decided to go to Fuquay, North Carolina, to meet his cousin and persuaded Lois Clifton and Louise Phelps to accompany him; that as they were preparing to leave she peered through a crack in the door and saw Chappell put his hand into the mail basket and when the group left the apartment house she noticed that the envelope which she had seen was no longer there.

The evidence disclosed that in Fuquay they met Ted Sanford, a cousin of Chappell. Lois Clifton testified that Chappell talked with Sanford, after which they got in the car and proceeded to Cates Grocery; that Sanford entered the store and upon his return to the car asked Chappell "Who is Annie B. Johnson?" The defendant then drove the group to Tutor's Taproom, where Chappell and Sanford entered and returned with some beer.

Ted Sanford testified that Chappell, after picking him up, asked him if he would cash a Government check and Chappell handed him a check after he had agreed to do as requested. However, he stated that when he entered Cates Grocery for that purpose, he saw that it was a social security check and did not attempt to cash it. When Sanford returned to the car, he asked Chappell where he got the check. In reply, Chappell told him not to worry, that the check was all right. Sanford thereafter took the check into Tutor's Taproom and cashed it. Sanford was shown a United States Treasury check made payable to Annie B. Johnson in the amount of $65.00, which he identified as the check which he had cashed. Among the marks relied upon by Sanford in identifying the check was his own endorsement on the back thereof. He testified that the name "Annie B. Johnson" was written on the back of the check when Chappell gave it to him. Annie B. Johnson testified that she had not endorsed the check, that she had not received any benefits therefrom and had not authorized anyone to endorse it for her.

Witness Tutor, the proprietor of Tutor's Taproom, testified that he cashed the check for Sanford and that the check had the endorsement "Annie B. Johnson" thereon. When Sanford later learned that there was something wrong with the check he refunded to Tutor the $65.00 which he had received in merchandise and cash.

C. M. Tarlton, Jr., a Secret Service agent, participated in the Government's investigation. He testified that Chappell refused to furnish him with a handwriting specimen although all the other persons with Chappell on February 3, 1964, did so; that Chappell would neither deny nor confirm to Tarlton that the endorsement "Annie B. Johnson" appeared on the check when he got it nor would he either deny or confirm that he had written her name thereon.

■■■ Although the evidence against Chappell was circumstantial, it is well settled that such evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); White v. United States, 279 F.2d 740 (4 Cir. 1960). Furthermore, this court stated in White v. United States, supra, at 748:

"* * * [I]t is not necessary that the trial court or this court be convinced beyond a reasonable doubt of the guilt of the defendant. The question is whether there is substantial evidence upon which a *jury* might justifiably find the defendant guilty beyond a reasonable doubt."

■ The evidence was clearly sufficient to support the finding of guilt beyond a reasonable doubt on the charge

of forging the endorsement of Annie B. Johnson.

 The undisputed testimonial evidence was that Chappell was present with Sanford when the check was cashed and that Sanford was acting for Chappell and at his direction in passing the check with the forged endorsement. The defendant is punishable as a principal on the charge of uttering and publishing the check in question (18 U.S.C. § 2).

Affirmed.