**UNITED STATES of America, Appellee,**

v.

**Kenneth Frank POTTS, Appellant.**

**No. 13454.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 6, 1969.

Decided Jan. 27, 1970.

Roland Gordon Scott, Newport News, Va., Court-appointed counsel, for appellant.

Roger T. Williams, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and WIDENER, District Judge.

PER CURIAM:

The conviction on April 17, 1969, of Kenneth Frank Potts for knowingly transporting on January 22, 1968, forged or altered securities, 18 U.S.C. § 2314, rested on his deposit in the First and Merchants Bank at Newport News, Virginia, of three checks drawn on the Beehive State Bank of Salt Lake City, Utah, thereby causing them to pass in course in interstate commerce. These checks were falsified in respect to drawer and first endorser, and in an appropriate indictment the deception was laid to Potts.

The evidence was adequate, we think, to warrant his conviction. The other questions raised on this appeal we also find insubstantial. The first of these is that the trial judge erroneously allowed two additional peremptory challenges to each side in selecting a jury from the venire—eight were permitted the prosecution and twelve to the appellant-defendant. Rule 24(b), Federal

Rules of Criminal Procedure, provides only for six such strikes to the Government and ten to the accused. No doubt of the impartiality of the jurors who tried the case is even intimated. Moreover, the procedure was agreed upon by counsel as an acceptable method of choosing a jury with an excess of tales in attendance. We perceive no possible injury to the appellant or other error in this procedure.

The remaining assignment goes to the cross-examination at trial of the appellant with regard to his previous criminal record. Initially, he was asked by the United States Attorney if he had ever been convicted of a felony. At first he answered "no". However, he ultimately responded that he had, but the conviction was not final since the case was on appeal. The Government immediately desisted from further inquiry on the subject. Any harm which might have resulted from this questioning was avoided and removed, we think, by the trial judge's direction to the jury to disregard any evidence of the purported conviction.

Later, Potts was asked whether he had ever been convicted of a crime involving moral turpitude. No objection was interposed to the question. Potts asked, and was accorded, the opportunity to explain his answer that he had been acquitted of a charge of procuring money under false pretenses. The prosecution again proffered no rebuttal. It was then for the jury to accept or reject this explanation, and thus no prejudice may be said to have unduly arisen from the Government's questions.

Finally, although it does not affect our determination of this appeal, we note the assurance of the prosecutor that authentic proof existed to support his interrogation of Potts on his record. The Government's unpreparedness to introduce such evidence was due to its anticipation that there could be no negative response to these questions. This misplaced confidence was inexcusable. It might have led to reversal but for the remedial instruction of the court and the defendant's own explanation of the false pretense offense. Cf. Beaty v. United States, 203 F.2d 652, 657 (4 Cir. 1953).

Our review of the record is convincing that appellant was fairly tried and rightly adjudged guilty.

Affirmed.