**UNITED STATES of America, Appellee,**

v.

**Paul Everett SHAVER, Appellant.**

No. 74–1434.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1975.

Decided Feb. 10, 1975.

**934**

Keith S. Snyder, U. S. Atty., on brief for appellee.

Clarence N. Gilbert, Asheville, N. C., on brief for appellant.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM.

On December 13, 1973, a lone gunman approximately six feet in height and weighing about 200 pounds robbed the West Office of Wachovia Bank and Trust Company, Morganton, North Carolina of approximately $6,000. Paul Everett Shaver, the appellant, was tried and convicted upon a bill of indictment charging violation of Title 18, U.S.C., Sections 2113(a), 2113(b), and 2113(d). The district court merged counts one and two into count three and sentenced the appellant to a term of fifteen years of confinement.[1] On direct appeal, counsel for petitioner raises the four following points for error:

(1) Did the trial court err in failing to instruct the jury to ignore the remarks of the district attorney ad-

dressed to appellant about another bank robbery?

(2) Did the trial court err in stating the contentions of appellant with particular reference to the exchange of automobiles with James P. Lipford?

(3) Did the trial court err in failing to include a detailed and complete charge on the law of circumstantial evidence in failing to charge that the government's evidence did not positively identify appellant as the bank robber and in failing to charge that the government's evidence on identification was circumstantial?

(4) Did the trial court err in denying appellant's motion to set aside the verdict of the jury?

We reject as meritless petitioner's contention that the trial court erred in failing to instruct the jury to disregard the government's efforts to impeach the accused's credibility through questions relating to a prior conviction pending appeal. United States v. Soles, 482 F.2d 105 (2d Cir. 1973); United States v. Williams, 484 F.2d 428 (8th Cir. 1973); United States v. Empire Packing Co., 174 F.2d 16 (7th Cir. 1949), cert. denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949). See, also, Rule 609(e), Rules of Evidence for the United States District Courts and Magistrates. In any event, the overwhelming evidence of petitioner's guilt convinces us that the failure to so instruct the jury, if error at all, is harmless beyond a reasonable doubt. United States v. Green, 432 F.2d 551 (4th Cir. 1970).

With respect to the district judge's inadvertent misstatement regarding the exact location at which the defendant contended he had gotten into the get-away car, we agree with government counsel that the error was harmless, particularly in view of the fact that the trial judge gave curative instructions reminding the jury that they were the

1. This sentence was to begin at the expiration of a sentence imposed in the United States District Court in Columbia, South Carolina in the fall of 1973 for bank robbery.

sole triers of fact; that defense counsel made no objection to the charge; and that the charge read in its totality made abundantly clear the accused's position that he had nothing whatsoever to do with the robbery. United States v. Graydon, 429 F.2d 120 (4th Cir. 1970); Rule 52(b), Fed.R.Crim.P.

Likewise without merit is petitioner's claim that the trial court's failure to include a detailed and complete charge on the law of circumstantial evidence. The defense made no objections to the charge and no requests for additional instructions were made as required by Rule 30, Fed.R.Crim.P. (App. B., T. 235). Furthermore, the charge adequately stated this court's rule that circumstantial evidence may support a verdict of guilty even though it does not exclude every reasonable hypothesis consistent with innocence. (App. B., T. 213, 216), United States v. Chappell, 353 F.2d 83 (4th Cir. 1965).

Finally, the appellant argues that the trial judge should have granted appellant's motion to set the jury verdict aside on the basis that three of the jurors saw the accused in handcuffs during the trial and at a noon recess. The trial judge thoroughly questioned the three jurors and correctly determined that there was no prejudice. The "brief sighting" of an accused in handcuffs is not *per se* prejudicial.

Accordingly, after careful consideration of the record and briefs filed by counsel, we affirm the judgment of the district court.

Affirmed.

WIDENER, Circuit Judge (concurring):

I concur in the opinion of the court except as to point (1) respecting the question concerning a previous conviction for which an appeal was pending, and as to that I concur in the result. I would not reach the merits.

The district judge properly sustained an objection to a question as to a previous conviction for which an appeal was pending. No motion for mistrial was made and no request was made to the district judge to charge the jury that the question was improper. The question was never answered. This is a matter of trial tactics and could just as well have been for the purpose of not drawing the jury's attention to the matter again, as it probably was, as for any other reason. We are advised by the United States Attorney on oral argument that it is not customary in that district, as it is in some, to charge the jury that any evidence as to which an objection was sustained must be entirely disregarded.

As to the merits, United States v. Potts, 420 F.2d 964 (4th Cir. 1970), assuming for argument it is not directly in point, is a strong indication that the rule in this circuit is that such a question is improper. There, the district court charged the jury to disregard the matter. 16 A.L.R.3d 726 contains an annotation giving a breakdown of various courts on the point at hand.

Rule 609(e) of the Federal Rules of Evidence, I submit, does not affect proceedings like those before us brought before 180 days after January 2, 1975, P.L. 93–595, 93d Congress, 43 L.W. 137.