**UNITED STATES of America,**
**Appellee,**

v.

**Paul Spence BOLLES, Appellant.**

**No. 74–1780.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 3, 1975.

Decided Nov. 12, 1975.

Thomas J. Harrigan, Arlington, Va. (Harrigan, Morris & Artz, Arlington, Va., on brief), for appellant.

John F. Kane, Special Asst. U. S. Atty. (David H. Hopkins, U. S. Atty. and K. Gregory Haynes, Asst. U. S. Atty., on brief, for appellee.

Before CRAVEN, RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Paul Spence Bolles was indicted on five counts of mail fraud in violation of 18 U.S.C. § 1341. He waived his right to trial by jury and was acquitted of counts I and IV, but was convicted by the court on counts II, III, and V. From these convictions, he appeals.

On appeal, he raises questions concerning the admissibility of certain evidence which tended to show a scheme to defraud; the sufficiency of the evidence to support the convictions on each count; and venue as to count V. We affirm in part and reverse in part.

The facts as disclosed by the government's evidence are that Bolles had been a subdistributor for Paymaster Corporation, Inc., of Chicago, a national firm engaged in the sale of machines to write checks, in servicing these machines, and in selling insurance policies to protect against check fraud. Bolles was working for Paymaster Checkwriting Company, Inc., of Atlanta, the regional distributor for the national corporation, until August 17, 1970, when his relationship with both corporations was terminated by a telegram from the Atlanta distributor. Bolles continued to visit and solicit business from the customers he had developed while representing Paymaster. An employee of the Postal Service identified Bolles as the man who rented and used Post Office Box 364, Falls Church, Virginia, at the times relevant to the charges. The evidence of several witnesses, taken most favorably to the government, tended to show that Bolles was executing a scheme to defraud his customers by continuing to represent himself as an authorized representative of Paymaster after his termination, and selling them fraud insurance and nameplates for the machines with no intention or ability to deliver either.

After alleging the scheme, the five counts each allege a specific instance where the mails were used in its execution. Count II charges the mailing of a letter and enclosed check by the Jewish Social Service Agency in Rockville, Maryland to Checkwriting Company of America, Box 364, Falls Church, Virginia. Count III charges a similar mailing by Harman Construction Company, Inc., Grafton, West Virginia. Count V charges a letter allegedly mailed by Bolles from Falls Church, Virginia to Williams and Griffin, Inc., Upper Marlboro, Maryland.

## I

Four of the witnesses could not identify Bolles as the man who visited them. Of these, only one (Harman) testified as to any of the specific counts (No. III), which will be later discussed. The testimony of the other three was objected to as not being connected to Bolles and was admitted by the court subject to objection, it being understood the court would not consider the evidence if not connected up. Other witnesses for the government testified as to events from which a scheme to defraud could be inferred.

No request was made for specific findings of fact by the court in accordance with FRCrP 23(c); accordingly, the district court was not under obligation to make specific findings as to which evidence it considered connected up and which it did not. *Lofland v. United States,* 357 F.2d 472 (9th Cir. 1966), cert. den. 385 U.S. 1026, 87 S.Ct. 755, 17 L.Ed.2d 675. Since there was evidence sufficient to find a scheme to defraud from witnesses who did connect Bolles to the events, receiving the evidence subject to objection and the later omission of specific findings as to it, if error at all, was harmless. 28 U.S.C. § 2111. Nothing we say here should indicate approval of like procedure in a trial by jury.

## II

Count II charged that Bolles, in execution of the scheme to defraud,

caused the Jewish Social Service Agency, Rockville, Maryland, to mail a letter containing a check to Checkwriting Company of America, Box 364, Falls Church, Virginia, 22046. An employee of the agency testified that Bolles came to her office as he did every year. The only thing she knew was that he was there "to service the checkwriter," which she permitted him to do. He did not say anything concerning fraud insurance, but left a document entitled "Check Protector Contract." A check from the agency was made out payable to Checkwriter Company of America and mailed to Box 364, Falls Church, Virginia. The witness was unsure, but thought the Agency's checkwriter was a Paymaster.

Here, the government did not establish that the Agency had a contract with Paymaster. It did not show that the witness thought she was dealing with an authorized agent of Paymaster or that the defendant represented himself as such. She was even unsure if the machine was a Paymaster. She did not testify to anything about a fraud policy. In short, there is no evidence to suggest that she was in any way deceived by the actions of Bolles on this occasion, or even that she paid for something she did not receive. Since there is no evidence of any of the elements of the scheme to defraud, it cannot be said that the mails were used on this occasion in execution of the scheme. We are thus of opinion that there was insufficient evidence to support a finding of guilt on this count.

### III

Count III charges that Bolles, in execution of the scheme, caused to be delivered by mail to Checkwriter Company of America, Box 364, Falls Church, Virginia, 22046, from Harman Construction, Inc., Grafton, West Virginia, a letter containing a check. C. Robert Harman, Secretary-Treasurer of Harman Construction, testified that the company owned a Paymaster checkwriter. On January 19, 1972, a man, whom the witness could not identify at trial, came into the office. The man wanted to renew the contract of forgery insurance on the checkwriter. Harman had an existing contract for forgery insurance with Paymaster Corporation, and the witness testified that he was led to believe the man was with Paymaster. The man left a document entitled Check Protector Contract with the witness. This document was introduced into evidence and was signed "P. S. Bolles." Harman caused a check to be made out in the amount of $54.50 payable to Checkwriter Company of America, Box 364, Falls Church, Virginia 22046. He mailed this check to Falls Church, Virginia. The check was endorsed by Checkwriter Company of America and later paid. Shortly thereafter, the witness learned that the man might not have been with Paymaster, attempted to stop payment on the check, and sent a letter of cancellation and demand for repayment to Checkwriter Company of America at Box 364, Falls Church, Virginia. This last letter was returned unopened. No forgery insurance policy was ever received.

■ The defendant argues that since Harman could not identify him as the man in question, the testimony should have been stricken as not being connected up. The government, however, does connect Bolles with this transaction by the post office box. From the face of the check and the testimony, a reasonable inference is that the check in question was mailed to Box 364, Falls Church, Virginia and there received. It was endorsed and paid. A postal employee from Falls Church testified that she recognized the defendant as the man who had rented and used P. O. Box 364 during the times in question. The defendant was thus linked to the receipt of the check from Harman, and the testimony concerning the transaction was properly admissible as evidence to be weighed by the trier of fact.

We conclude that the evidence with respect to count III is sufficient to support the judgment of conviction although it is at least in part circumstantial. "Although the evidence . . . was circumstantial, it is well settled that such

evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent of innocence." *United States v. Chappell*, 353 F.2d 83, 84 (4th Cir. 1965).

## IV

■ Count V of the indictment charges that, in execution of the scheme to defraud, Bolles caused to be placed in the mail at Falls Church, Virginia an envelope containing correspondence which was addressed to Williams and Griffin, Inc., 7507 Osborne Road, Upper Marlboro, Maryland.

The pertinent part of the venue statute, 18 U.S.C. § 3237 is:

"Offenses begun in one district and completed in another

"(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

"Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves."

The envelope which of course would have had a postmark of some kind was not introduced in evidence, neither was it discussed or its absence mentioned. The correspondence consisted of a memorandum with a stamped return address. The employee of Williams and Griffin who testified about the matter was not asked if she knew where the letter was mailed and Bolles was also not asked although he took the witness stand.

Also to be considered is that the United States, in a letter to the court on April 24, 1974, conceded, as to count V, that there was no evidence that venue requirements were satisfied and that there was insufficient evidence as to the merits of count V, or both. Pertinent parts of the letter are:

". . . the government concedes that the following counts are not supported by proof beyond a reasonable doubt:

[Counts I and IV]

"c. Count V in which there was evidence of mailing but no evidence of venue requirements being satisfied.

\* \* \* \* \* \*

"Therefore it is conceded that there is insufficient evidence of the defendant's guilt on counts I, IV and V."

The court, in its order or otherwise, did not mention the letter. Neither does the United States reply in its brief to the defendant's assertion that the evidence does not support the substantive finding of guilt, nor does it mention the concession.

In view of all the circumstances, even assuming that a concession might not be binding if improvidently made under some circumstances, and being reminded that it has been held that venue need not be proved beyond a reasonable doubt, *Dean v. United States*, 246 F.2d 335 (8th Cir. 1957), we are of opinion that the naked return address, unaccompanied by any other evidence which was readily available and not inquired about, is not sufficient proof of venue. That it is arguable that venue was proved in the district of Maryland is a question not before us.

The case is accordingly affirmed in part, reversed in part, and remanded. The conviction on count II is dismissed; the conviction on count III is affirmed; the conviction on count V should be dismissed without prejudice for failure to prove venue.

*Affirmed in part; reversed in part; and remanded.*