972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Kerry CRENSHAW, Defendant-Appellant.
 No. 91-5292.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 15, 1992
Decided: July 29, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-90-117-N)
 Andrew Ira Becker, Jon D. Becker & Associates, P.C., Virginia Beach, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Mark Kerry Crenshaw was found guilty by a jury of ten counts of an indictment charging him with violations of 18 U.S.C. § 2113 (1988) (bank robbery), and 18 U.S.C. § 924(c)(1) (1988) (use of a firearm during the commission of a crime of violence), in connection with six bank robberies in Virginia. Crenshaw was sentenced, pursuant to the Sentencing Reform Act of 1984, 18 U.S.C.A. §§ 3551-3586 (West 1984 & Supp. 1991), to a total of 900 months imprisonment to be followed by a five-year term of supervised release.
 
 
 2
 Crenshaw appeals his conviction and sentence. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue with respect to the sufficiency of evidence to sustain a conviction for counts one and two of the indictment. Counsel found no issues supporting a nonfrivolous appeal and filed a motion for leave to withdraw as counsel. He served a copy of the brief and motion for leave to withdraw on Crenshaw, and notified him of his right to file a supplemental brief raising additional grounds for relief. The only other issue raised by Crenshaw is ineffective assistance of counsel.*
 
 
 3
 This Court reviews challenges to the sufficiency of the evidence to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3769 (U.S. 1991). In conducting its review, the Court must consider the circumstantial as well as the direct evidence and allow the Government the benefit of all reasonable inferences from facts proven to facts sought to be established. United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982). Moreover, the Court need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989); United States v. Bobo, 477 F.2d 974 (4th Cir. 1973), cert. denied, 421 U.S. 909 (1975); United States v. Chappell, 353 F.2d 83 (4th Cir 1965).
 
 
 4
 Counsel raises the issue of sufficiency of the evidence to support the convictions in counts one and two. The argument is premised on the lack of positive identification of Crenshaw as the man who robbed the banks in these counts.
 
 
 5
 The Government's evidence in count one consisted of the testimony of Carla Burnette, the teller at Trustbank Savings in Norfolk, of whom Crenshaw allegedly demanded money, and Karen Boyden, the branch manager. Burnette could not make a positive identification of Crenshaw as the man who robbed her.
 
 
 6
 Boyden testified that a man came to the bank and asked the teller to open an account. The teller, Burnette, asked to see identification, which she presented to Boyden for approval. Boyden declined to approve the account because the identification was insufficient. Shortly thereafter, Boyden looked up and saw the teller waving at her and motioning that she had been robbed. Boyden got up, locked the front door, and went to the window where she saw a man walking by casually. About three minutes later, she saw red smoke coming out from under his jacket, which she concluded was the dye pack exploding. Boyden testified that she was able to see the man from behind her desk, and that it was the same man she later viewed from the window of the bank. In addition, Boyden identified Crenshaw from a photo line-up presented to her by police.
 
 
 7
 Although Boyden did not actually see Crenshaw make a demand for money or receive the money and the dye pack, her testimony presented sufficient circumstantial evidence implicating him as the man who robbed the bank. The conviction was further supported by the testimony of Evelyn Bazemore, Crenshaw's ex-girlfriend, who identified Crenshaw from the photographs taken by the bank's surveillance camera. The Government also presented a note, purportedly written and presented by Crenshaw, which stated "Give me your money or die," which was similar to the notes presented in the other robberies for which Crenshaw was indicted and convicted.
 
 
 8
 The Government's evidence in count two consisted of the testimony of the teller of the First Virginia Bank of Tidewater, at Virginia Beach, Celsa S. Mendoza. She stated that a man came to her teller's window and asked for coin rollers. When she handed them to him, he gave her a note which stated, "Give me your money fast, before I shoot." Mendoza handed him money and a dye pack, which the man dropped in the lobby of the bank. Mendoza was unsure of her identification of Crenshaw as the man who robbed her, partly due to the fact that the photographs made from the surveillance tapes she was shown were blurry. She was also unable to identify him nine months after the robbery when shown the photo line-up by police. The branch manager, Constance King, testified that she did not witness the robbery and therefore could not identify the perpetrator.
 
 
 9
 Once again, Bazemore identified Crenshaw from the tapes of the bank's surveillance cameras. Other circumstantial evidence consisted of the robber's avoidance of a dye pack and the demand for coin rollers, which he had used to distract tellers during the other bank robberies for which he was convicted. Viewing all reasonable inferences in favor of the Government, there was sufficient evidence to support Crenshaw's conviction on count two.
 
 
 10
 Finally, Crenshaw has not made any specific allegations in support of his claim that counsel was ineffective, and there is nothing in the record suggesting counsel's performance was incompetent or prejudicial to Crenshaw. Under such circumstances, the claim of ineffective assistance should be brought in a 28 U.S.C. § 2255 (1988) motion rather than on direct appeal. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973).
 
 
 11
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1988), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. Counsel's motion to withdraw is denied.
 
 
 12
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Crenshaw filed a motion to extend time to submit additional materials, which was granted. Despite this extension, additional briefs were never filed