60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Lee PETTUS, Defendant-Appellant.
 No. 94-5660.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 10, 1995.
Decided: July 7, 1995.
 
 Randolph Marshall Lee, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, Brian L. Whisler, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before HALL, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jeffrey Lee Pettus appeals his convictions for conspiracy to commit an offense against the United States in violation of 18 U.S.C. Sec. 371 (1988), and for aiding and abetting in the making of false endorsements on a Social Security check in violation of 18 U.S.C. Sec. 2 (1988), 18 U.S.C.A. Sec. 510 (West Supp.1994). Specifically, he challenges the sufficiency of the evidence to support the jury's finding that he conspired with Tarrie Allen Aiken, Jr., and Ronald Edward Hewitt to take from a United States Postal Service mail depository, forge the endorsement on, and cash a United States Social Security check made payable to Boyce E. Dixon. We affirm Pettus's convictions.
 
 
 2
 The charges against Pettus stemmed from a scheme whereby Pettus, together with Aiken and Hewitt, decided to take, forge the endorsement on, and cash a Social Security check that belonged to Dixon. Aiken testified that he, Hewitt, and Pettus had an agreement to take Hewitt's [step]father's Social Security check, cash it, and split the money evenly. According to Aiken, Hewitt told him when the Social Security check was arriving.* Aiken went with Pettus to Dixon's mailbox, Aiken removed a check in the amount of $859 from the mailbox, and signed it. Pettus carried the forged check into the Catawba Pharmacy, came out with the money from the check, and said he did not have to use his identification card to cash the check. Aiken waited for Pettus outside the pharmacy. Aiken identified the check at trial, and testified that the three men split the proceeds of the cashed check between them.
 
 
 3
 Lieutenant Dewey Duncan, Belmont Police Department, interviewed several individuals concerning the theft of Dixon's checks. In March 1992, Duncan's interview with Hewitt confirmed that Hewitt, Aiken, and Pettus were involved in a conspiracy to take and cash the check. Duncan also testified that he was a witness to an interview of
 
 
 4
 Pettus in which Pettus admitted to taking the check into the store and cashing it.
 
 
 5
 Rod Kyanko, a United States Postal Inspector who investigated the case testified that in an interview with Pettus, Pettus admitted that he had cashed the check at issue and shared the spoils with Aiken and Hewitt. He further testified that Aiken's trial testimony was consistent with the statement Kyanko took from him in April 1993. Finally, Kyanko testified that the statements made by the three co-Defendants to him were all consistent with one another.
 
 
 6
 Dixon testified that he did not receive the check in question, that he did not endorse the check, nor did he authorize anyone to endorse or negotiate the check on his behalf.
 
 
 7
 At the close of the Government's case, Pettus's counsel made a motion for acquittal pursuant to Fed.R.Crim.P. 29. The district court denied the motion.
 
 
 8
 Pettus was sentenced in accordance with the sentencing guidelines to eighteen months imprisonment on each count, to run concurrently, three years supervised release on each count to run concurrently, and was ordered to pay restitution in the amount of $589.89. Pettus timely appealed his convictions.
 
 
 9
 A jury verdict must be sustained if there exists substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found Pettus guilty beyond a reasonable doubt. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982); Glasser, 315 U.S. at 80. "We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." Tresvant, 677 F.2d at 1021. In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 10
 We find that the facts here were sufficient to lead a rational jury to conclude that Pettus was involved in a conspiracy to take, forge, and cash the United States Social Security check. Further, the testimony of Aiken (as to the actual check cashing), Duncan, and Kyanko, while circumstantial, was sufficient to lead a rational trier of fact to conclude that Pettus joined in the conspiracy to take and forge the check, and that Pettus was the individual who actually cashed the check. See United States v. Jackson, 863 F.2d at 1173; United States v. Chappell, 353 F.2d 83, 84 (4th Cir.1965). We have reviewed Pettus's assertions on appeal, and found them to be without merit.
 
 
 11
 Notably, to the extent that the evidence was not sufficient to support conviction on count two of the indictment, Pettus was acquitted on that count, so this claim lacks merit. With regard to Pettus's claim that his convictions were based on uncorroborated evidence, this claim fails for several reasons. First, even Pettus's codefendant's uncorroborated testimony could have supported his convictions. United States v. Burns, 990 F.2d 1426, 1439 (4th Cir.), cert. denied, 61 U.S.L.W. 3819 (U.S.1993). Further, the codefendant's testimony was in fact corroborated by the testimony of Duncan and Kyanko. Finally, this Court will not review the jury's determination regarding witness credibility. Saunders, 886 F.2d at 60. Accordingly, we affirm the district court's denial of Pettus's Rule 29 motion, and Pettus's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 According to Aiken, he and Hewitt had taken another of Dixon's checks a few days earlier; Pettus was not involved in the earlier theft, forgery and uttering