WIDENER, Circuit Judge,
concurring and dissenting:
I.
I concur in such parts of Part III of the majority opinion, as hold the September 1997 sealing order to be invalid. For that reason alone I concur in the vacation of the civil contempt convictions of Miss Mitchell and the Morning Star.
II.
With respect to the balance of the decision, however, and especially Part II, I respectfully dissent. I would affirm the conviction of Miss Mitchell for criminal contempt.
The majority initially engages in an eight-page discussion (including more than three pages of single-spaced footnotes) of whether Miss Mitchell was found guilty of criminal contempt for violating the two-page order of September 22, 1997 or what the majority calls the “directive that appears on the face of the white envelope.” Ultimately, the majority correctly concludes that the district court decided that Miss Mitchell violated the instructions on the outside of the envelope containing the settlement agreement, which envelope she had to open to see the. settlement agreement. Those instructions were:
CONFIDENTIAL SETTLEMENT AGREEMENT FILED UNDER SEAL TO BE OPENED ONLY BY THE COURT
The lengthy justification for finding the order Miss Mitchell was charged with violating to be that which was written on the face of the envelope containing the settlement agreement and the order approving the settlement agreement, is quite beside the point, I suggest, for the district court, referring to the order involved, stated, in English as plain as the order itself,
the order of this court is [that] this document in this envelope may not be opened except by the court. (Italics added.)
The majority then finds that the order was not a court order for the purposes of a finding of contempt because the wording of the warning on the envelope had been placed there by a paralegal at the direction of the case manager, a deputy clerk of the court; the judge played no role in drafting the language on the front of the envelope and did not sign the front of the envelope, which did not bear his name on the face thereof; and the warning was never entered on the court’s docket.
Some of those reasons are without factual support, and the others are matters of indifference. The paralegal who made the entry on the back of the envelope did so at the direction of Anne Caviness, a deputy clerk of many years, the case manager of this case, whose duty it was to see that the envelope was marked and sealed. “Well, it’s a sealed document so I was responsible that it be marked and sealed.” (J.A. 169) If this deputy clerk and case manager was not acting for the district judge, federal judges may as well cease to function, for no judge can attend to the thousands of details of his office without clerical assistance, be it a secretary or deputy clerk. It is a matter of common knowledge that *305 district judges do not personally draft many or even most of their orders. The order which was signed by the district judge, and which was enclosed in the envelope, states unequivocally, in capitals at the outset, that it permits the “FILING AND MAINTENANCE OF CONFIDENTIAL SETTLEMENT DOCUMENTS UNDER SEAL” and further, in the text of the order, that the “Confidential Settlement Agreement, the exhibits thereto, and any documents of the Clerk of Court and the parties filed in the future ... relating to ... the settlement ... be filed and maintained confidentially under the seal of the court.” The white envelope in question here contains on the face thereof the clerk’s notation of docket no. 196. No. 196 is the docket number of the order granting the joint motion to approve the settlement agreement. To separate the warning on the face of the envelope from the contents thereof, I suggest, is straining too far to justify an acquittal.
The majority next finds that the warning on the envelope:
CONFIDENTIAL SETTLEMENT AGREEMENT FILED UNDER SEAL TO BE OPENED ONLY BY THE COURT
is not “definite, clear, specific.” In my opinion, the warning could hardly have been more definite, or clear or specific, and construing that such a warning is equivocal is simply more straining to justify a reversal as is its statement that Miss Mitchell might have thought the opening referred to was an initial rather than a subsequent opening. Even Miss Mitchell did not make this claim in her testimony. She claimed that she had not seen the warning on the front, so she could not have related the word “opened” on the back to the front, which she had not seen.
The majority applies much the same reasoning to the fact that even if the order was valid and the direction was clear, Miss Mitchell did not act with “a contumaciousness necessary to support a conviction for criminal conduct.” It arrives at this conclusion because the district court did not make a specific fact-finding that “Mitchell actually saw the directive on the face of the white envelope prior to opening the enclosure and reviewing its contents.” Such a requirement of the majority, that a district court in a criminal case make specific fact-findings absent request, is simply in violation of Fed.R.Crim.P. 23(c) and case authority. United States v. Bolles, 528 F.2d 1190, 1191 (4th Cir.1975).
The majority’s conclusion that the evidence does not support the conviction is phrased as follows: “... we are convinced that no reasonable trier of fact could conclude that Mitchell acted with contuma-ciousness necessary to support a conviction .... ” To arrive at that conclusion, the majority relied to a considerable extent on the testimony of Miss Mitchell, an example of which follows: “Mitchell testified, and the district court did not hold to the contrary, that she then noticed for the first time that on the front of the envelope was the following warning in bold face type.... ” Of course, the district judge who saw Miss Mitchell and heard her testify necessarily did not believe her. The required supposition of the majority is that it believes the district judge did not act as a reasonable trier of fact, as it states in its opinion. The fact that a district court does not hold to the contrary of the statement of a defendant denying guilt in a criminal case should be of no moment, much less very nearly controlling, as here.
The reliance of the majority on the testimony of Miss Mitchell is also demonstrated by the physical attributes of the papers involved and, as well, by its construction of the testimony of Anne Caviness, who, as noted, was the case manager and deputy clerk of the district court.
On page 294 of the slip opinion, the majority states that “it is undisputed that the envelope had been opened ‘several times’,” for which it relies on the testimony of Anne Caviness. That testimony of Anne Caviness, however, was taken at the *306 show-cause hearing on account of the contempt citation, which hearing was held December 17, 1997. Her testimony was “I know this document, this envelope [the paper involved] has been entered several times.” So Anne Caviness did not testify that the document had been entered several times before October 14, 1997, when Miss Mitchell opened it, but several times before December 17, 1997, the date of the hearing.
A description of the white envelope involved and the contents of the envelope is helpful. The envelope is of sturdy white paper, 8-%” in width and 11-%” in length, with the flap for opening on the 8-%” side. The seal is a red pressure-sensitive seal attached to the flap, with the word “opened” inked in pressure-sensitive material on the red seal and on a window in the flap made of clear plastic, so that when the envelope is opened, the ink remains on the envelope and when resealed, the word “opened” appears in white in the window. In the envelope was the order of two pages approving the confidential settlement, which was signed by Judge Britt on September 18, 1997. A filing stamp on that order, as well as the envelope, shows that it was filed in the clerk’s office on September 22, 1997, the date of the docket entry, and the envelope was stamped received in the clerk’s office on September 18, 1997, the same day that Judge Britt signed the order. Clipped to the two-page order is the confidential settlement agreement of nine pages, accompanied by Exhibits A through H, of 28 pages. Thus, the envelope which Miss Mitchell opened was not merely an innocuous, ordinary envelope, as might be supposed, rather a somewhat bulky envelope containing the two-page order of the district court, accompanied by 37 pages of other material. Whether or not the envelope had been opened by anyone else prior to the time Miss Mitchell opened it does not appear in the record with any consistency, but should not be determinative of this case. An examination of the envelope and its contents makes her testimony, that she examined the back of the envelope but not the face of it, very nearly inherently incredible, and, in all events, corroborates the necessary finding of the district court that she opened the envelope in violation of the express direction on its face.
In sum, it is my opinion that the majority simply believed the testimony of Miss Mitchell and did not give sufficient weight to the fact that the district judge who tried the case, saw the defendant-witness, and heard her testimony. In addition, the district court was construing its own order. That is admitted. In such a case, we must defer to the district court in the construction of its own order, which was not done by the majority. Anderson v. Stephens, 875 F.2d 76, 80 n. 8 (4th Cir.1989); Simmons v. South Carolina Ports Authority, 694 F.2d 63, 66 (4th Cir.1982).
I would find that the district court permissibly construed its own order and that the evidence was sufficient to support the conviction. It is idle to suggest that a jury’s verdict on the same facts would be overturned for lack of evidence and the defendant should fare no better in this case.
I would affirm*

 I also note that in footnote 11 of the majority opinion it declines to address the additional argument or arguments that the district court lacked jurisdiction. It did this because it reversed for insufficiency of the evidence. If the district court did not have jurisdiction, it would have been unable to make any finding on the sufficiency of the evidence, and the proper result would have been to require the district court to dismiss the case for want of jurisdiction. See Fed. R.App. P. 12(h)(3). It is true that the procedure adopted by the majority is in accord with our previous practice, as illustrated in Richardson v. McFadden, *307 563 F.2d 1130 (4th Cir.1977) (en banc), but that practice has not survived Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), which is consistent with the concurring opinions in Richardson and requires a finding as to jurisdiction prior to a consideration of other error.