UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                                No. 01-4945

JOHNNI E. LEON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-01-92)

Submitted: April 23, 2002

Decided: May 3, 2002

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Kenneth Clay Chrisman, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Johnni E. Leon of one count of conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin and seven counts of distribution and possession with intent to distribute heroin. On appeal, Leon claims the district court erred by (1) denying his motion for a mistrial after the jury observed him arriving in the courtroom in the company of the United States Marshals and from the holding area where his coconspirators were kept; and (2) allowing a handwritten list of stipulations to be sent to the jury room after deliberations were underway. Leon further claims the district court plainly erred by admitting testimony referencing Leon's custodial status. Finally, Leon claims the cumulative impact of the alleged errors affected his substantial rights. Finding no reversible error, we affirm.

We review a denial of a motion for mistrial for abuse of discretion. *United States v. Russell*, 221 F.3d 615, 618 (4th Cir. 2000). Leon must show he was prejudiced by the district court's denial. *United States v. West*, 877 F.2d 281, 287-88 (4th Cir. 1989). Knowledge by the jury that the defendant is in custody may impair the presumption of innocence. *Estelle v. Williams*, 425 U.S. 501, 504 (1976). There must be a showing, however, that the defendant suffered actual prejudice as a result of such knowledge. *See West*, 877 F.2d at 293; *United States v. Shaver*, 511 F.2d 933, 935 (4th Cir. 1975). Actual prejudice is shown if the defendant can establish an unreliable or fundamentally unfair outcome to his proceeding. *United States v. Squillacote*, 221 F.3d 542, 575 (4th Cir. 2000), *cert. denied*, 532 U.S. 971 (2001). We find Leon failed to show actual prejudice as a result of either incident referencing Leon's custodial status.

We further find there was no error in the district court's decision to label a handwritten list of stipulations as "Court's Exhibit #1" and give the list to the jury after deliberations began.

Finally, we find no merit to Leon's claim that the alleged errors, when considered cumulatively, affected his substantial rights. *United States v. Martinez*, 277 F.3d 517, 532 (4th Cir. 2002) (holding that the

errors, either considered individually or cumulatively, did not affect the defendant's substantial rights); *Fisher v. Angelone*, 163 F.3d 835, 853 & n.9 (4th Cir. 1998) ("[L]egitimate cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error, not the cumulative effect of [non-errors].").

We affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*